## CHRISTOPHER W. KNOTT

*v.*

## ROBERT PEPPERDINE.

1. PROCESS—*whether running "In the name of the People of the State of Illinois."* Where it was objected, in a civil suit, that the summons issued in the cause was void because it did not run "In the name of the People of the State of Illinois," as required by the constitution of 1870, a writ running "The People of the State of Illinois to the sheriff of Kankakee county," was held to be in conformity with the constitutional requirement.

2. SAME—*waiver of defect therein.* Besides, there was an appearance, plea of the general issue and a trial, after which it was too late to make objection to the summons.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

This was an action of assumpsit, brought the 6th of April, 1871, by Pepperdine against Knott, on a promissory note for $398, executed by the latter and payable to the former. Upon a trial by the court, a jury being waived, judgment was rendered in favor of the plaintiff. The defendant appeals.

Mr. STEPHEN R. MOORE, for the appellant.

Messrs. SOUTHWORTH & ZINK, for the appellee.

Per CURIAM: It is insisted that the summons in this case is void, because it does not run "In the name of the People of the State of Illinois," as required by section thirty-three of article six of the constitution. The writ runs, "The People of the State of Illinois to the sheriff of Kankakee county."

There is no foundation for the objection. The writ does run in conformity with the constitutional requirement. There

is no substantial difference between the new and old constitutions in this respect.

Besides, there were here an appearance, plea of the general issue and trial, after which no objection can be taken to the summons.

The judgment must be affirmed.

*Judgment affirmed.**

---

*Christopher W. Knott *v.* Robert Pepperdine

Appeal from the Circuit Court of Montgomery county.

Per Curiam: This case is like the preceding one of *Knott* v. *Pepperdine*, and is decided in the same way.

*Judgment affirmed.*